**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ruben PARDO, Appellant.**

Superior Court of Pennsylvania.

Submitted July 5, 2011.

Filed Dec. 13, 2011.

Reargument Denied Feb. 15, 2012.

Robert E. Reno, Milford, for appellant.

Raymond J. Tonkin, District Attorney and Sarah A. Wilson, Assistant District Attorney, Milford, for Commonwealth, appellee.

Before: SHOGAN, LAZARUS, and PLATT,* JJ.

OPINION BY LAZARUS, J.:

Ruben Pardo appeals from his judgment of sentence, entered in the Court of Common Pleas of Pike County, after entering an open guilty plea to two counts of delivery of a controlled substance.[1] The charges stemmed from two drug buys that occurred among Pardo, his cohorts and an undercover Pike County Police Officer on October 15 and 17, 2008. At his June 17, 2010 sentencing, the trial court determined that Pardo was not eligible to participate in the Recidivism Risk Reduction Incentive (RRRI) program and sentenced him to an aggregate term of imprisonment of 5 years and nine months to 15 years.[2] We reverse and remand for further proceedings.

On appeal, Pardo contends that the trial court erred by: (1) not permitting him to withdraw his guilty plea prior to sentenc-

---

\* Retired Senior Judge assigned to the Superior Court.

1. 35 P.S. § 780–113(A)(30).

2. Specifically, Pardo was sentenced on count one to 36 months–8 years' imprisonment (for delivery of a controlled substance (< 10 grams)) and on count two to a consecutive sentence of 33 months–7 years' imprisonment (for delivery of a controlled substance (< 1 gram)). The sentence on count one was a mandatory minimum pursuant to 18 Pa. C.S.A. § 7508(a)(7)(i), while that on count 2 was an aggravated-range sentence, which the court justified by noting Pardo's "serious criminal history [and] ... a consistent history of drug use and sales for his entire adult life." N.T. Sentencing Order, 6/21/2010, at 3.

ing; (2) disqualifying him from participating in the RRRI[3] program; (3) failing to hold a pre-sentence hearing on his sentencing entrapment claim; and (4) imposing consecutive sentences.

Because Pardo moved to withdraw his guilty plea prior to sentencing and had a fair and just reason for doing so, the trial court abused its discretion when it denied his motion to withdraw based upon the premise that he waived any such right in his written plea agreement.[4] Furthermore, the Commonwealth neither alleged nor proved that it would suffer prejudice if Pardo were permitted to withdraw his plea.

Today we hold that it is an abuse of discretion by the trial court to find that a defendant has waived his right to withdraw a guilty plea prior to sentencing where the defendant enters an open plea with regard to sentence, asserts his innocence, and there is no alleged prejudice to the Commonwealth if the plea were to be withdrawn. We further hold that the trial court may not curtail a defendant's ability to withdraw his guilty plea via a boilerplate statement of waiver in a written guilty plea colloquy. We believe this holding is consistent with the dictates of Pennsylvania Rules of Criminal Procedure 590 and 591 and our Supreme Court's liberal standard of granting pre-sentence requests to withdraw guilty pleas. Accordingly, we reverse and remand for the withdrawal of Pardo's guilty plea so that he may proceed to trial.

## FACTS

*Guilty Plea Agreement and Oral Plea Colloquy*

Pardo signed a written guilty plea colloquy on March 5, 2010. The introductory paragraph of that colloquy, detailing his agreement with the Commonwealth, states:

> The Defendant, by entering into this plea agreement, agrees that he/she **MAY NOT withdraw this plea of guilty, unless the sentencing Court does not accept this plea agreement.** The Defendant understands that the sentence imposed will be set forth below, unless the sentencing Court does not accept his plea agreement.

Written Guilty Plea Colloquy (Waiver Clause), 3/5/2010, at 1 (emphasis added). Pages 2 and 3 of the written colloquy, titled "Sentence Recommendation," list no specific recommended sentence,[5] but the

---

**3.** Pursuant to 61 Pa.C.S. § 4505(c), offenders eligible for the RRRI program are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less, or five-sixths of a minimum sentence of more than three years. *See* 61 Pa.C.S. § 4505(c). After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. 61 Pa.C.S. § 4506. A trial court is required, by statute, to determine if a defendant is eligible for an RRRI minimum sentence. *See* 42 Pa. C.S. § 9756(b.1).

**4.** Pardo asserted that he was induced to plead guilty when his counsel advised him that he would be eligible to participate in the RRRI program; Pardo's plea agreement and oral plea colloquy, however, never discussed this sentencing option. Pardo raised this as one of the reasons he sought to withdraw his plea before he was sentenced. While we believe that the failure to discuss or raise the issue of RRRI may also be a fair and just reason to permit Pardo to withdraw his plea, we need not discuss it since Pardo also asserted his innocence.

**5.** Pages 5–6 of the guilty plea colloquy list the statutory maximum sentences for each charge as well as any mandatory minimums and maximum or mandatory fines.

boxes for consecutive/concurrent sentences are checked off and indicate that they are to be determined "By Court." *Id.* Similarly, the plea agreement indicates that "Imprisonment, Probation, and Fine" are all to be decided "By Court." *Id.* As part of the open plea, the Commonwealth agreed to dismiss all remaining charges in the criminal information in exchange for Pardo pleading guilty to the two counts listed above at the time of sentencing.

Paragraph 37 of the plea agreement states that if the guilty plea is not entered pursuant to the plea agreement, then Pardo has the right to file a motion to withdraw his plea prior to sentencing. *Id.* at 14. Finally, the agreement explains that the court is not bound by the terms of the plea agreement that Pardo enters into with the Commonwealth and if the court rejects it, then he may withdraw his plea. *Id.* at 16. The trial court accepted the agreement, noting that Pardo "knowingly completed or participated in the completion of the foregoing guilty plea form, and [had] voluntarily, knowingly and intelligently entered a plea of guilty to the charges described therein." *Id.* at 21.

At his oral plea colloquy, the court informed Pardo that his plea agreement "with the Commonwealth is [that] all sentencing will be open to the Court." N.T. Guilty Plea Colloquy Hearing, 3/5/2010, at 3. The court also explained that this agreement included whether the court would run the sentences consecutively or concurrently. *Id.* The court explained the elements of each charged offense, the maximum sentences and fines Pardo could receive for each offense, and also informed Pardo that he would face a mandatory minimum sentence/fine on count 1. The court informed Pardo of the factual bases for each charge and covered the requisite minimum areas of inquiry for the accep-

tance of pleas that are listed in the Comment to Pa.R.Crim.P. 590. Finally, the court reiterated the statement found in Pardo's written plea agreement that by "entering this plea you may not withdraw this plea unless the Court decides not to accept the plea." *Id.* at 9. The Commonwealth's attorney also explained to Pardo that he would not be allowed to withdraw his plea except in one instance: if the judge did not go along with the agreement. *Id.* at 12–13 ("So under no other circumstances will you be allowed to withdraw your plea of guilty.").

*Motion to Withdraw Guilty Plea*

On April 23, 2010, County Probation Officer Robert W. Wolff prepared Pardo's court-ordered presentence investigation (PSI) report for sentencing purposes in the instant case.[6] The PSI included documentation of three prior incidents of misconduct that involved Pardo while he was an inmate in a Pike County Correctional Facility while awaiting the disposition of his two cases. The charges involved fighting with another inmate, acting insolent toward a staff member, and using another inmate's pin number to make a telephone call. All three incidents resulted in guilty verdicts by the Disciplinary Board. The PSI also contained a detailed report of Pardo's criminal history, which included a 1994 New York conviction for menacing.

On May 11, 2010, prior to sentencing, Pardo filed a *pro se* motion to withdraw his guilty plea, claiming that counsel misinformed him that he had to plead guilty to *both* drug charges, that it was a "package deal," and that if he did not plead guilty to both charges there would be no plea agreement. Pardo also claimed that the sentence he believed he would receive pursuant to the plea agreement did not include two six-month terms for the miscon-

---

**6.** The PSI was sent to counsel and President Judge Joseph F. Kameen.

duct charges incurred in jail prior to his plea. Finally, Pardo also sought to withdraw his plea on the basis that counsel told him that he would be RRRI eligible and receive credit for time served.[7]

On June 3, 2010, the court held a hearing on Pardo's motion to withdraw his plea. Pardo testified that the reason he sought to withdraw his plea was because he "didn't know everything [he] was supposed to know and [that he was] not guilty of all these charges." *Id.* at 6–7. Pardo indicated that all his questions were not answered prior to entering into the plea, that he was only given fifteen minutes to review and complete the plea agreement, and that the sentences he expected to receive as a result of talking with counsel and the contents of a March 17, 2010 letter from counsel[8] were not the same as those that were listed in the guilty plea agreement. *Id.* at 7. Specifically, Pardo testified that his attorney told him he would receive 5–10 years' imprisonment with RRRI credit for time served. *Id.* at 11, 26. At the hearing, Pardo's new counsel also stated that his client did not understand the concept of an open guilty plea and that he did not know the difference between a statutory maximum sentence and the agreed-upon plea bargain that left open the possible sentencing ranges for each offense under the Sentencing Guidelines. *Id.*

At Pardo's plea withdrawal hearing, the trial court acknowledged that the Commonwealth had not filed an answer to Pardo's motion and the Commonwealth never alleged during the hearing that it would suffer prejudice, let alone substantial prejudice, if Pardo were permitted to withdraw

his plea. N.T. Motion to Withdraw Hearing, 6/3/2010/ at 6. Despite this, the trial court refused to allow Pardo to withdraw his plea, citing the waiver provision in the written colloquy.

After receiving Pardo's PSI, the court determined that Pardo was not eligible for the RRRI program because of his 1994 New York State conviction for menacing. *See* Sentencing Order, at 6/21/2010, at 2. Pardo was subsequently sentenced to an aggregate sentence of 5 years and nine months to 15 years' imprisonment.

### Discussion

The standard for permitting a defendant to withdraw a plea of guilty varies according to the point in the proceedings at which the motion to withdraw is made. Our Supreme Court has established significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing. *See Commonwealth v. Lesko,* 502 Pa. 511, 467 A.2d 307, 310 (1983) (allowing accused to withdraw guilty plea after imposition of sentence requires stricter standard to prevent defendants from using guilty plea as tool for previewing court's sentence; such misuse does not occur when withdrawing guilty plea prior to sentencing).

■ Although in Pennsylvania there is no absolute right to withdraw a guilty plea, *Commonwealth v. Iseley,* 419 Pa.Super. 364, 615 A.2d 408, 412 (1992), pre-sentencing requests should be liberally granted. *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591, 593 (1982); *Commonwealth v.*

---

7. On May 25, 2010, conflict counsel filed a motion to withdraw as Pardo's counsel, raising the fact that Pardo's *pro se* motion contained claims of his own ineffectiveness, and requested that new counsel be appointed for Pardo. On May 26, 2010, the trial court

granted Pardo's request and appointed new defense counsel, Robert Reno, Esquire.

8. This letter was marked for identification and entered as Defendant's Exhibit 1 at the plea withdraw hearing; however, a copy is not included in the certified record on appeal.

*Forbes,* 450 Pa. 185, 299 A.2d 268, 271, 272 (1973), citing *United States v. Young,* 424 F.2d 1276, 1279 (3d Cir.1970) ("The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice.").

■ A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. *Commonwealth v. Prysock,* 972 A.2d 539, 541 (Pa.Super.2009). An abuse of discretion exists when a defendant shows any "fair and just" reason for withdrawing his plea absent "substantial prejudice" to the Commonwealth. *See Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984). *Compare Forbes, supra* (defendant's presentence assertion of innocence constituted fair and just reason to withdraw guilty plea) with *Commonwealth v. Walker,* 26 A.3d 525 (Pa.Super.2011) (defendant's speculation that videotape exists to exonerate him was not "fair and just" reason to permit him to withdraw plea, especially in light of fact that he twice pled guilty, never expressly asserted innocence, and prejudice would result to Commonwealth by permitting withdrawal).

Pennsylvania Rules of Criminal Procedure 590 and 591 outline the procedures employed in plea proceedings. Pursuant to Rule 590, a trial judge may accept a plea of guilty in open court when he or she determines, after inquiry of the defendant, that the plea is voluntarily and understandingly tendered. Pa.R.Crim.P. 590(A)(3). When counsel for both sides arrive at a plea agreement, they shall state the terms of the agreement in open court and in front of the defendant. Pa.R.Crim.P. 590(B)(1). Moreover, the trial judge shall conduct a separate inquiry of the defendant, on the record, to determine whether the defendant understands and voluntarily accepts the terms of the agreement. Pa.R.Crim.P. 590(B)(2). Here, the proper procedure was employed during Pardo's guilty plea colloquy; accordingly, the trial court accepted the agreement.

Pursuant to Pa.R.Crim.P. 591, upon the motion of a defendant, a trial court may, in its discretion, permit the withdrawal of a guilty plea prior to sentencing. Pa.R.Crim.P. 591(A). In such circumstances, the court should conduct an on-the-record colloquy to determine whether the defendant has a fair and just reason to permit withdrawal of the plea. Pa.R.Crim.P. 591, *Comment.* In addition, the Comment to Rule 590 also states that the terms of a plea agreement may also determine a defendant's right to withdraw a guilty plea. *See Commonwealth v. Porreca,* 528 Pa. 46, 595 A.2d 23 (1991).

In *Porreca,* the defendant entered into a written plea agreement in 1985 stating that he would cooperate with police in an investigation for a stolen car operation in return for a promise to reduce his criminal charges and to limit his sentence to "county time." *Id.* at 24. The agreement, although executed by both parties, was not taken before a court for its approval. Nonetheless, the defendant continued to cooperate with the police in the car theft ring investigation. The following year, the parties entered into a second plea agreement in which the Commonwealth recommended a sentence limited to "county time," but specifying that the court would not be bound by that recommendation. The plea agreement also contained the following provisions:

> **The defendant understands that the court is not a party to and is not bound by this agreement nor by any recommendation made by the parties.** Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of fine

and imprisonment together with the cost of prosecution.

**If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone,** yet if the Court refuses to concur with any other aspect of this Agreement, he will be allowed to withdraw his guilty plea pursuant to the Pennsylvania Rules of Criminal Procedure.

*Id.* at 49, 595 A.2d 23 (emphasis added). The trial court accepted this plea. At sentencing, despite the Commonwealth's extensive argument that the defendant be given county time for his cooperation which went "above and beyond" the duty imposed, the trial court handed down a sentence of two to six years' imprisonment that requires imprisonment in a state facility. Because the sentence imposed was not in accord with the Commonwealth's "county time" recommendation, the defendant moved to withdraw his plea after sentencing. The trial court denied the motion.

On appeal, the Supreme Court found that because the plea agreement expressly prohibited withdrawal in the event that the court did not concur in the recommended sentence, the defendant was not permitted to withdraw his plea under the agreement. The Court expressly held that:

> [W]hen a written plea agreement includes specific language that the defendant knowingly waives his right to withdraw his plea **if the trial judge shall not concur in the recommended sentence,** the defendant is not entitled to withdraw his plea; but if a plea agreement is silent on whether the defendant may withdraw the plea in the event that the trial court does not concur in the recommended sentence, the defendant shall be entitled to withdraw his plea, as is the current practice under Rule 319.[9]

*Id.* at 26 (emphasis added).[10]

Notably, the holding cited above applied to a defendant seeking to withdraw his guilty plea *post-sentence,* not prior to sentencing as in the instant case. The critical premise in *Porreca* which formed the basis of the Court's decision is that the determination as to whether a defendant's plea could be withdrawn depended on the defendant's knowledge about whether a *sentencing* court may honor a sentencing recommendation, not whether the defendant believed that a trial court might *accept* a plea agreement prior to sentencing. In fact, it was the *"failure of the court to sentence* according to the recommendation of the Commonwealth" that precluded the defendant in *Porreca* from withdrawing his plea. *Id.* at 27 (emphasis added).

Instantly, the Commonwealth contended at the June plea withdrawal hearing that Pardo was merely "play[ing] games with the system" because he did not like the recommended sentence and that, based on the plea agreement's waiver provision, his motion should be denied.[11] In denying the

---

**9.** Pennsylvania Rule of Criminal Procedure 319 is the predecessor to Pa.R.Crim.P. 590.

**10.** However, because the defendant stated that threats or promises had been made to him in order to persuade him to enter a guilty plea, and because the trial court failed to make any inquiry into the nature of any alleged threats or promises, the judgment of sentence was reversed and the case remanded for a guilty plea colloquy. *Id.* at 53, 595 A.2d 23.

**11.** We note that the Commonwealth also cites to *Commonwealth v. White,* 787 A.2d 1088 (Pa.Super.2001), to support the denial of Pardo's motion to withdraw his plea. However, in *White,* the defendant's guilty plea did not contain a waiver clause. *Id.* at 1093. Thus, any discussion regarding waiver of the right to withdraw a plea under the facts of *White* is

motion, the trial judge stated the following:

> Counsel for defendant argues that the plea was entered on the day of [sic] trial was scheduled to begin and that it may be a stressful factor. To the contrary the defendant was provided with his rights for a jury trial, he was facing six felony charges in that jury trial, he elected to enter into a plea agreement voluntarily, knowingly and intelligently on the morning the trial was scheduled to begin here in which he was entering a plea to two felonies in exchange for which the remaining four felonies would be dismissed and the sentence was to be set by the Court. It was an open plea and the various aspects of the factual basis were specifically identified in the plea agreement itself.
>
> I would also note that the factual basis [sic] contains amendments that were apparently entered into that morning or approximately at that time where there are minor changes in the factual basis [sic] to bring it into accord with what everyone understood it to be, so this was not a situation that just happened haphazardly, so based upon that the motion to withdraw the guilty plea in this case is hereby denied.

N.T. Motion to Withdraw Plea Hearing, 6/3/2010, at 32–33.

▪ While trial courts shall deny pre-sentence requests to withdraw a guilty plea when the reasons a defendant offers are belied by the record, *see Commonwealth v. Michael*, 562 Pa. 356, 755 A.2d 1274 (2000), our Supreme Court has made it clear that merely because a court accepts a defendant's plea in open court as voluntarily, knowingly and intelligently given, a defendant may still present a fair and just reason to have that plea later withdrawn prior to sentencing. *Commonwealth v. Randolph*, 553 Pa. 224, 718 A.2d 1242 (1998).

In *Randolph, supra*, defendant confessed to police about his participation in numerous burglaries and entered open pleas of guilty to the charged crimes. The trial court conducted a sufficient on-the-record colloquy. Prior to sentencing, Randolph informed the court that he wished to withdraw his guilty plea, stating that he was under duress at the time of his confession and that counsel had pressured him to plead guilty. The sentencing court denied the request, concluding that Randolph had professed to the voluntariness of his plea during the colloquy. On appeal, this Court affirmed the sentencing court's denial of Randolph's pre-sentence withdrawal request. The Supreme Court vacated our decision and reversed the defendant's judgment of sentence noting that our Court had failed to follow the pronouncement in *Forbes*, and instead focused on the validity of the plea colloquy and the defendant's admission that he was not innocent of all of the crimes alleged against him. In admonishing our Court, the Supreme Court stated, "[t]he Superior Court attempted to apply a new standard whereby participation in a plea colloquy results in a defendant's waiver of the rights established by this Court pursuant to *Forbes*." *Id.* at 1245.

▪ Most recently, in *Commonwealth v. Katonka*, 2011 PA Super 223, 33 A.3d 44 (Pa.Super.2011) (en banc), our Court reiterated the well-established principle that

---

*dicta.* Moreover, while it is clear that White moved to withdraw his plea post-sentence, it appears that his first attempt to withdraw his plea occurred in the midst of sentencing. *See id.* at 1089 ("However, noting the disparity between the sentencing guidelines and a county sentence, Judge Jelin expressed an unwillingness to sentence the Appellant to county time. In response, Appellant verbally sought to withdraw his plea.").

"the mere articulation of innocence is a 'fair and just' reason" for withdrawal of a guilty plea. In *Katonka,* our Court held that the defendant's two clear assertions of innocence, without condition, constituted a fair and just reason for his plea withdrawal. As we acknowledged, Pardo did state in his *pro se,* pre-sentence motion to withdraw his guilty plea that he was not guilty of all the charges. Pardo also acknowledged at his guilty plea withdrawal hearing that he was asserting his factual innocence of the charges. N.T. Motion to Withdraw Plea Hearing, 6/3/2010, at 7. This, alone, is considered a "fair and just" reason to withdraw Pardo's plea prior to sentencing. *Katonka, supra.*

In addition to the fact that Pardo stated that he was innocent of all of the charges, Pardo also sought to withdraw his guilty plea based on the fact that counsel told him he would be RRRI eligible at the time he entered his plea. *Id.* at 11. This Court has previously held that when a defendant challenges a trial court's disqualification of his entry into the RRRI program, the issue is one of legality of the sentence and is non-waivable. *Commonwealth v. Main,* 6 A.3d 1026 (Pa.Super.2010). Here, despite the waiver provision in Pardo's plea agreement, both the written agreement and oral colloquy make no mention of RRRI. In fact, it was not until after the court received Pardo's PSI that the court was even aware of his prior record which could affect his eligibility for RRRI.

■   Based on his assertion of innocence and that counsel told him he would be RRRI eligible, we find that Pardo offered "a fair and just reason" to withdraw his guilty plea prior to sentencing. The fact that Pardo signed a waiver indicating that he would not be permitted to withdraw his plea if the court accepted the plea agreement does not change our decision today. In fact, we find that such waiver provision, which prevents a defendant from the right to withdraw his plea prior to sentencing, flies in the face of the intent behind Rule 591, our Supreme Court's decision in *Forbes* and the line of cases emphasizing the liberal pre-sentence plea withdrawal standard.

Our decision is supported further by the well-established precept that even defendants who have completely negotiated their pleas may still move to withdraw those pleas on the basis of illegality of sentence (such as RRRI eligibility). *See Commonwealth v. Reichle,* 404 Pa.Super. 1, 589 A.2d 1140, 1141 (1991) ("a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."). To hold, as the trial court did, that Pardo waived his claim after entering an open plea before sentencing, but permit a defendant to raise a legality challenge post-sentence after entering a completely negotiated plea, contravenes all notions of fundamental fairness.[12]

Much like the trial court in *Randolph,* in denying Pardo's motion to withdraw his plea, the court here focused on the validity of Pardo's plea agreement and signed waiver. We believe that it is inherently unjust to have a defendant waive all rights pre-sentence where he has agreed to an open plea with no recommended sentence and where he indicates he has been told by counsel that he will be RRRI eligible and where he subsequently asserts his innocence. Accordingly, we find that Pardo's reason for withdrawal is fair and just, that

---

12. This is especially so when a defendant's participation in RRRI could potentially receive 16.6%–25% less of his ordered sentence—a major incentive for a defendant facing significant time in jail.

the Commonwealth will not suffer prejudice if his plea is withdrawn, and that Pardo did not waive his right to withdraw the plea upon this basis. *See Forbes, supra.*

### RRRI Eligibility [13]

Pardo claims that the trial court improperly deemed him ineligible for RRRI status. Because we have reversed his judgment of sentence and remanded for a new trial, this issue is moot.

### Sentencing Entrapment Hearing

Pardo's sentencing entrapment and related consecutive sentence issues implicate the discretionary aspect of his sentence. Because he has failed to include the required Pa.R.A.P. 2119(f) statement in his appellate brief and the Commonwealth has objected to its omission, this claim is waived. *See Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*). Moreover, because we have reversed and remanded this case for a new trial, any such issues are deemed moot.

### Credit for Time Served

Having reversed Pardo's judgment of sentence, any sentencing credit issues are deemed moot.[14]

### Conclusion

In the instant case, the trial court accepted Pardo's plea as voluntary, knowing and intelligent. However, we do not believe that it was proper to have him surrender his right to withdraw that plea at that point when, in addition to claiming his innocence of the crimes charged, he also believed that he would receive a significantly reduced sentence based upon his counsel promising him that he was eligible for RRRI. To hold otherwise contravenes our Rules for Criminal Procedure and runs afoul of the liberal standard established for pre-sentence plea withdraws.

Reversed and remanded to permit Pardo to withdraw his guilty plea and proceed to trial. Jurisdiction relinquished.

13. The court equated New York State's crime of menacing to Pennsylvania's crime of simple assault, 18 Pa.C.S.A. § 2701(a)(3). The RRRI statute makes an individual ineligible for the program where he has been convicted of a personal injury crime as defined under the Crime Victims' Act or "an equivalent offense under the laws of the United States." Because simple assault is considered a personal injury crime under the Crime Victims' Act, the court held that Pardo was not RRRI eligible. Because we have determined that Pardo's plea should have been withdrawn, we do not reach the question as to whether the trial court properly disqualified him from being RRRI eligible based on his out-of-state menacing conviction.

14. Even if we were to address this claim on the merits, we would find that Pardo is entitled to no relief. Pardo claims that he did not receive credit for time he spent incarcerated in the Pike County Correctional Facility while awaiting sentence on the instant charges. The trial court notes in its corrected sentencing order that it did not award Pardo credit for time spent in the state facility because this time served in Pike County on the instant charges had already been credited toward his New York sentence. *See* Corrected Sentencing Order, 7/19/2010, at 3. Because a defendant is not entitled to from receive credit against more than one sentence for the same time served before sentencing, the trial court did not abuse its discretion. *See* 42 Pa.C.S.A. § 9760(4) (if defendant arrested on one charge and later prosecuted on another charge growing out of act that occurred prior to arrest, credit against maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under former charge that has not been credited against another sentence). *See also Commonwealth v. Merigris,* 452 Pa.Super. 78, 681 A.2d 194, 195 (1996); *Commonwealth v. Hollawell,* 413 Pa.Super. 42, 604 A.2d 723, 726 (1992).