J-S36013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER ROBIN MCCAWLEY | |
| Appellant | No. 891 MDA 2015 |

Appeal from the Judgment of Sentence April 15, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005264-2013

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 08, 2016**

Appellant, Christopher Robin McCawley, appeals from the April 15, 2015 judgment of sentence of 90 days to 23 months' incarceration followed by three years' probation, imposed after he entered a negotiated guilty plea to two counts of driving under the influence of alcohol.[1]  After careful consideration, we affirm on the basis of the trial court's September 23, 2015 opinion.

The trial court fully and aptly summarized the factual and procedural history of this case, and we need not reiterate that summary here.  **See** Trial Court Opinion, 9/23/15, at 1-7.  Pertinent to this appeal, we recount the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), and 3802(c), respectively.

following procedural posture of this case. After entering the aforementioned negotiated guilty plea and receiving a sentence of 90 days to 23 months' incarceration, Appellant retained new counsel and on April 27, 2015, filed a timely[2] post-sentence motion to withdraw his guilty plea, alleging the ineffectiveness of his plea counsel led to an unknowing and involuntary plea. The trial court denied the motion on April 28, 2015. Appellant filed a timely notice of appeal on May 26, 2015. In consideration of a joint motion from Appellant and the Commonwealth filed on June 4, 2015, this Court retained jurisdiction but remanded the matter to the trial court to "hold an evidentiary hearing to address its denial of Appellant's post-sentence motion to withdraw guilty plea." *Per Curiam* Order, 7/10/15, at 1.

On remand, the trial court held an evidentiary hearing on September 3, 2015. At the outset of the hearing, Appellant executed an on-the-record waiver of his right to pursue a claim under the Post Conviction Relief Act (PCRA), §§ 9541-9546, in order to pursue his ineffectiveness of counsel claim before the trial court. Following the hearing, the trial court again denied Appellant's motion. Appellant resumed this appeal.[3]

---

[2] April 25, 2015, the 10th day following the date of sentencing, was a Saturday. When computing a filing period, "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, Appellant's filing of his post-sentence motion on Monday, April 27, 2015 was timely.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant raises the following issues for our review.

> 1. [] Given [the alleged] error, [and] exceptional circumstances, should this Court allow an ineffective assistance claim on direct review?
>
> 2. [] [Where Appellant] entered his plea unintelligently, unknowingly, and involuntarily because of ineffective assistance of counsel[, did he] suffer[] manifest injustice, [and] should he be permitted to withdraw his plea?

Appellant's Brief at 4.[4]

Appellant first urges this Court to permit adjudication of his ineffective assistance of counsel claim on direct appeal. *Id.* at 12. In **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), our Supreme Court held that claims of ineffective assistance of counsel should be deferred to post-conviction collateral proceedings. This holding was recently confirmed in **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (holding, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal"). However, the **Holmes** Court described two limited exceptions to the general rule where there are "extraordinary circumstances." *Id.* at 577. This may occur "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffective assistance is both meritorious and apparent from the record so that immediate consideration and relief is warranted."

---

[4] The Commonwealth elected not to file a brief in this appeal.

*Id.* at 577–578. Alternatively, it may occur for "good cause," such as the shortness of a sentence, or "multiple, and indeed comprehensive, ineffectiveness claims if such review is accomplished by a waiver of PCRA rights." *Id.* "Ultimately, we trust in the discretion of the trial courts to determine which cases present appropriate circumstances to warrant post-verdict unitary review of prolix claims, contingent upon a waiver of PCRA review." *Id.* at 580.

Instantly, upon remand, the trial court noted the shortness of Appellant's sentence.[5] The trial court conducted full written and oral colloquies in which Appellant waived his right to file a subsequent PCRA petition. *See* N.T., 9/3/15, at 9-10, ct. ex. 1. The trial court then conducted a full hearing, allowing Appellant to develop a full record pertaining to his claim. Under these circumstances, and given our remand in response to the joint motion of the parties, we deem the present case qualifies as an exception to *Grant* recognized in *Holmes*. *See Holmes*, *supra*. Accordingly, we proceed to consider the merits of Appellant's appeal.

Appellant's sole issue is whether the trial court erred in refusing his post sentence motion to withdraw his guilty plea, based on his assertion that

---

[5] The trial court extended Appellant's bail pending this appeal. Trial Court Order, 5/4/15, at 1.

- 4 -

ineffectiveness of plea counsel resulted in an unknowing, unintelligent, and involuntary plea. Our consideration of this issue is guided by the following.

"A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." ***Commonwealth v. Pardo***, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 125 (Pa. 2012).

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. … To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014) (internal quotation marks and citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa. Super. 2010) (citations omitted), *appeal denied*, 32 A.3d 1276 (Pa. 2011).

> To be entitled to relief on an ineffectiveness claim, [a claimant] must prove the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001); ***see also Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973 (1987). Prejudice in the context of ineffective

- 5 -

assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

*Commonwealth v. Solano*, 129 A.3d 1156, 1162-1163 (Pa. 2015), *quoting*

*Commonwealth v. Keaton*, 45 A.3d 1050, 1060-1061 (Pa. 2012) (some citations and footnote omitted). "Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015) (citation omitted). "When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential. Counsel will not be deemed ineffective where the strategy employed had some reasonable basis designed to effectuate his or her client's interests." *Id.* at 1290.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, --- A.3d ---, 2016 WL 1072107, at *3 (Pa. Super. 2016) (internal quotation marks and citations omitted).

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective

assistance of plea counsel, … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Id.* at *4, *quoting* **Commonwealth v. Morrison**, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1241 (Pa. 2005) (internal citations omitted).

Appellant's specific claim is that plea counsel "did not perform an adequate investigation, under the rules of professional conduct or the Constitution" of the forensic procedures and results of Appellant's blood alcohol content (BAC) testing. Appellant's Brief at 22. Appellant asserts there is no reasonable basis for plea counsel to have failed to make a more thorough investigation. *Id.* at 26. Additionally, Appellant claims he was prejudiced because "it was impossible for [Appellant] to enter a knowing, voluntary, and intelligent plea where his counsel failed to conduct a prompt and thorough investigation." *Id.* at 30. Thus, Appellant contends it is not his burden, in showing prejudice, to demonstrate that the BAC results are unreliable or that the results of the investigation would have changed plea counsel's recommendation or Appellant's decision to enter a guilty plea. *Id.*

After careful review, we conclude that the trial court's September 23, 2015 Rule 1925(a) memorandum opinion fully sets forth Appellant's claims, identifies the proper standards of review, discusses the relevant law, and

explains the bases for its conclusion that Appellant has failed to establish manifest injustice on the basis of ineffective assistance of counsel to permit post-sentence withdrawal of his guilty plea. We have carefully reviewed the entire record and Appellant's arguments, and we conclude that the thorough and well-reasoned opinion of Judge David L. Ashworth is in concert with our own views.

Specifically, we agree that the record supports the trial court's finding that plea counsel did investigate the "'package of materials' [Appellant] contends are essential to defeat a claim of ineffectiveness." Trial Court Opinion, 9/23/15, at 14. Although Appellant claims the testimony of his initial direct appeal counsel contradicted that finding, we note "[i]n terms of the salient facts, we defer to factual findings and credibility determinations made by courts of original jurisdiction, so long as they are supported by the record." *Commonwealth v. Hanson*, 82 A.3d 1023, 1035 (Pa. 2013). We also agree Appellant failed to demonstrate prejudice because he did not demonstrate what further investigation would have revealed and how it would have altered his decision to plea. *See* Trial Court Opinion, 9/23/15, at 11; *see also Commonwealth v. Timchak*, 69 A.3d 765, 773-774 (Pa. Super. 2013) (holding, bald suggestions plea counsel failed to investigate or advise of potential defenses are insufficient to show prejudice where appellant failed to allege any beneficial information that would have been discovered).

Accordingly, we adopt the September 23, 2015 opinion of the Honorable David L. Ashworth as our own for the purposes of our disposition of this appeal. We conclude the trial court committed no abuse of discretion in denying Appellant's post-sentence motion to withdraw his guilty plea. We therefore affirm Appellant's April 15, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016