J-S86010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RICHARD A. COOK :
:
Appellant : No. 5 WDA 2016

Appeal from the Judgment of Sentence November 3, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0002010-2014

BEFORE:  GANTMAN, P.J., MOULTON, J., STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 17, 2017**

Appellant Richard A. Cook appeals the judgment of sentence entered

in the Court of Common Pleas of Cambria County on November 3, 2015,

following his guilty plea to one count each of criminal homicide, third-degree

murder, and Firearms not to be carried without a license.[1]  We affirm.

The trial court briefly set forth the facts of this case as follows:

> The testimony at the preliminary hearing established that
> at approximately 1:30 a.m. on July 13, 2014, [Tyrone] Williams
> arrived at Building 28 at the Oakhurst Homes looking for a
> female friend.  He approached a group that included [Appellant]
> [Fidel L.] Cosby and [Jaquan] Watson that was gathered outside
> the building.  Williams was informed by someone in the group
> where to locate his friend and he left for that location.  Williams
> returned shortly thereafter and for reasons that are unclear had

---

[1] 18 Pa.C.S.A. §§ 2501(a), 6106(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

an altercation with one person in the group and was struck by that person or someone else in the group. Williams then walked away toward Grandinetti Avenue. While Williams was standing near Grandinetti Avenue, [Appellant], Cosby, and Watson drew handguns and began firing at him.

Williams fled toward Daniel Street while the three continued firing. Williams' body was eventually found a short distance up a hill near Daniel Street. An autopsy revealed that Williams was struck multiple times with rounds from different caliber handguns with the fatal shot being a back to front through and through that passed his heart and lung. This round was never recovered. Eyewitnesses stated that Watson was firing a semi-automatic handgun with silver on top, [Appellant] was firing a revolver, and Cosby was firing a larger semi-automatic handgun with a laser sight. Detectives from the Johnstown Police Department (JPD) were eventually able to locate and arrest all three suspects. During interviews [Appellant] admitted to being present at the scene, to possessing a .22 caliber revolver that night, to seeing Watson pull a handgun, to seeing Watson firing at Williams, and to drawing his own revolver. [Appellant] stated that he did not recall firing his weapon that night.

Trial Court Opinion, filed 3/1/16, at 2-3.

On September 22, 2015, the day upon which jury selection was scheduled to begin, Appellant and his codefendants entered guilty pleas and agreed to waive their right to withdraw their pleas. N.T. Guilty Plea, 9/22/15, at 15. Sentencing was scheduled for November 3, 2015; however, on November 2, 2015, Appellant filed a motion to withdraw his guilty plea pursuant to Pa.R.Crim.P. 591 based upon his allegation that "he is innocent and that he has a colorable demonstration of innocence under these circumstances, since there is no ballistic evidence tying him to the homicide and he did not give an inculpatory statement that he fired any shots on the

night of the homicide." *See* Motion to Withdraw Guilty Plea, filed 11/2/15, at ¶ 6.

On November 3, 2015, the trial court denied Appellant's motion and sentenced him to a period of incarceration of one hundred ninety-two (192) months to four hundred eighty (480) months in prison on the third-degree murder conviction and to a consecutive term of twenty-four (24) months' to forty-eight (48) months' incarceration on the firearms conviction. N.T. Sentencing, 11/3/15, at 48-49. Appellant filed a post-sentence motion to modify his sentence, and following a hearing, the trial court denied the same on December 22, 2015.

On December 24, 2015, Appellant filed a timely notice of appeal.[2] On December 28, 2015, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on January 8, 2016, wherein he raised three claims. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on March 1, 2016.

Appellant presents the following two issues for our review:

I.     Should the trial court have found that there was a "fair and just reason" for withdrawal of the guilty plea where there was a plausible and colorable demonstration of innocence?

II.    Did the trial court err in allowing the Commonwealth to

---

[2] Codefendant Jaquan Watson's appeal from his judgment of sentence is pending in this Court. *See Commonwealth v. Watson*, 9 WDA 2016.

> join the defendants for trial where it did not file its motion until over a half-year after it was supposed to?

Brief for Appellant at 5.

Under Pa.R.Crim. 591, a trial court may, in its discretion, allow a defendant to withdraw a guilty plea at any time before his sentence is imposed. Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well-settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. In **[Commonwealth v.]Forbes**, [299 A.2d 268 (Pa. 1973)] our Supreme Court instructed that, in determining whether to grant a pre[-]sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

*Commonwealth v. Elia*, 83 A.3d 254, 261–262 (Pa.Super. 2013) (internal quotations and citations omitted). In addition, our Supreme Court in *Commonwealth v. Carrasquillo*, 631 Pa. 692, 115 A.3d 1284 (2015) recently reaffirmed the *Forbes* ruling, stating:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, 631 Pa. at 704, 115 A.3d at 1291–1292 (footnote omitted).

In *Carrasquillo* the Supreme Court also declared "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea." *Id.* at 1292.[3] The Court concluded that "a *per se* approach" to allowing pre-sentence withdrawal of a guilty plea on a mere assertion of innocence "is unsatisfactory." *Id.* It further noted that in evaluating a pre-sentence request to withdraw a guilty plea, courts could consider the timing of the innocence claim. *Id., citing Forbes*, 299 A.2d at 272 ("Obviously, the appellant, by his assertion of innocence—so early in the proceedings, *i.e.*,

---

[3] The Supreme Court arrived at the same conclusion in a companion case, *Commonwealth v. Hvizda*, ____ Pa. ____, 116 A.3d 1103 (2015), decided the same day.

one month after the initial tender of a plea,—offered a 'fair and just' reason for withdrawal of the plea.") (brackets omitted).

With this legal standard in mind, we turn to Appellant's first contention that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea. Appellant divides his argument on this issue into three sections. Appellant initially engages in a discussion of legal pronouncements prior to **Carrasquillo** and **Hvizda** and then relates how he should have been entitled to withdraw his plea thereunder. Appellant concludes by urging this Court to remand this matter for a determination of the second requirement for withdrawal of his plea, namely, a lack of substantial prejudice to the Commonwealth. Essentially, Appellant avers that his "plausible assertion of innocence" lay in the fact that the Commonwealth's case was "premised on eyewitness testimony," he "did not confess" and there was "no definitive ballistic evidence proving he shot and killed Williams." Brief for Appellant at 14. Appellant points out that he "did not make any comments at the guilty plea that belied his assertion of innocence." *Id*. at 21. Interestingly, while Appellant affirmatively states the voluntariness of his plea is not at issue, Brief for Appellant at 10, he later maintains he entered "a last-second guilty plea under an extraordinarily pressure-filled situation." *Id*. at 15.

In considering this issue, the trial court stressed that Appellant had indicated when entering his guilty plea he was aware jurors and all parties

were ready for trial and understood he was, therefore, giving up his right to withdraw his plea. The trial court explained it informed Appellant that it would not grant such a motion were Appellant to file one "between now and at the time of [his] sentencing." Trial Court Opinion, filed 3/1/16, at 4 citing N.T. Guilty Plea, 9/22/15, at 15. Accordingly, the trial court reasoned that since Appellant had waived his right to withdraw his guilty plea, it did not err in denying his subsequent motion. In the alternative, the trial court asserted that even if Appellant had not waived his right to withdraw his plea, he could not have been entitled to do so for his failure to present a plausible claim or colorable demonstration of innocence as is required under **Carrasquillo** and **Hvizda**. The trial court reasoned that:

> [b]oth the evidence presented at the preliminary hearing and [Appellant's] own statements place him at the scene of the murder with a weapon in his hand. Eyewitness testimony was that [Appellant], along with Cosby and Watson were firing at Williams as he fled. Viewing [Appellant's] claim against the totality of the evidence available reveals that his claim of innocence is implausible under the factual circumstances of this case.

Trial Court Opinion, filed 3/1/16, at 7.

Initially, we note that this Court has held a trial court abused its discretion when it found a defendant waived his right to withdraw a guilty plea prior to sentencing where the defendant had entered an open plea and later asserted his innocence, and where there was no alleged prejudice to the Commonwealth if the plea were to be withdrawn. **Commonwealth v. Pardo**, 35 A.3d 1222, 1224 (Pa.Super. 2011). We further have held that in

keeping with the dictates of Pa.R.Crim.P. 590 and 591 and our Supreme Court's liberal standard of granting pre-sentence requests to withdraw guilty pleas, a trial court may not "curtail a defendant's ability to withdraw his guilty plea via a boilerplate statement of waiver in a written guilty plea colloquy." *Id*.

In light of the foregoing, we acknowledge the Commonwealth's position that the waiver in this case was not a boilerplate waiver but, rather, was attendant to jury selection, Brief for Appellee at 12. However, relying on the most recent pronouncements of our Supreme Court in *Carrasquillo* and *Hvizda*, we find no abuse of discretion on the part of the trial court in concluding in the alternative that Appellant failed to assert a plausible claim of innocence, let alone proffer any fair and just reason for withdrawing his guilty plea.[4]

Appellant entered his guilty plea on September 22, 2015, yet he did not file his motion to withdraw his plea until 3:52 p.m. on November 2, 2015, the day before his scheduled sentencing and after a presentence investigation report had been provided to the trial court. Prior thereto,

_____

[4] "It is well-settled that an appellate court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action. This is so even if we rely upon a different basis in our decision to affirm." *Commonwealth v. Harper*, 611 A.2d 1211, 1213 n. 1 (Pa.Super. 1992) (citations omitted).

Appellant prepared a written colloquy and the trial court conducted an extensive oral colloquy at which time Appellant admitted, *inter alia*, he had caused the death of Tyrone Williams, was entering his plea voluntarily after discussing all potential defenses with his counsel, and was aware that trial would commence were he to choose to forego a guilty plea. N.T. Sentencing, 9/22/15, at 15-20.

Appellant next maintains the trial court erred in granting the Commonwealth's motion to consolidate the trials of Appellant and his codefendants. Appellant relies upon Pa.R.CrimP. 582(B)(2) to support his claim that the Commonwealth's failure to file a motion for consolidation as part of an omnibus pretrial motion within thirty days of formal arraignment makes it untimely and, therefore, the motion should have been denied on that basis alone. Brief for Appellant at 25-27.

Initially, we note it is well-settled that the decision to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof or a showing of prejudice or clear injustice to the defendant. **Commonwealth v. Wholaver**, 605 Pa. 325, 351, 989 A.2d 883, 898 (2010). Rule 582(B)(2) states that a motion to consolidate "must *ordinarily* be included in the omnibus pretrial motion." Pa.R.Crim.P. 582(B)(2) (emphasis added). The use of the word "ordinarily" plainly indicates that while motions to consolidate should normally be included in an omnibus pretrial motion, the rule is not absolute, and there are certain circumstances where a motion to consolidate will be considered

outside of an omnibus motion. This Court will not make a rule absolute when the plain language does not purport to do so; thus, under the facts presented herein, where the Commonwealth filed its motion several weeks before trial and each pretrial proceeding involved all three defendants, we find the trial court did not err by considering the Commonwealth's motion.

The timeliness of the Commonwealth's motion aside, Appellant's challenge is moot as Appellant and his codefendants entered guilty pleas prior to trial; thus, there was no joint trial at which Appellant may have been prejudiced or subjected to a manifest injustice. Indeed, Appellant nowhere alleges he was, in fact, prejudiced by the trial court's decision to consolidate the matters for trial. Appellant's second claim, therefore, does not warrant relief.

Judgment of sentence affirmed.

PJ Gantman and Judge Moulton concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017

- 10 -