**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENKINS RAKEE EVERETT | : | |
| | : | |
| Appellant | : | No. 942 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013164-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 22, 2019**

Appellant Jenkins Rakee Everett appeals from the judgment of sentence imposed after he pled guilty to voluntary manslaughter—unreasonable belief, possession of a firearm prohibited, firearms not to be carried without a license, abuse of a corpse, tampering with physical evidence, and conspiracy.[1] Appellant claims that he was entitled to withdraw his plea because he believed that his sentence would run concurrent to a federal sentence.  We affirm.

The trial court set forth the relevant background to this appeal as follows:

> The facts of this case establish that . . .  Appellant[] shot Earl Bivins [(the victim)] several times in the early morning hours of June 11, 2016, in an apartment in the City of Pittsburgh. Appellant and two other individuals then wrapped [the victim's] body in a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2503(b), 6105, 6106, 5510, 4910, and 903, respectively.

blanket and put the body in a vehicle where they ultimately dumped it in a wooded area. At some point later, Appellant returned to the body and attempted to burn it. Police ultimately found [the victim]'s body on June 26, 2016.

Trial Ct. Op., 8/17/18, at 2. On June 29, 2016, a criminal complaint was filed and charged Appellant with criminal homicide[2] and related offenses.

At a November 7, 2017 hearing, Appellant requested a postponement based on a pending federal case. N.T. Postponement Hr'g, 11/7/17, at 3. At that time, the parties discussed the possibility of having the sentences in the instant case and the federal case run concurrently. *See id.* at 4-6. Appellant asserted that he "was never going to take a postponement if that wasn't the agreement with the feds and that is what I was understanding of that it would run concurrent." *Id.* at 6.

Appellant's counsel, however, represented:

I have had discussions with [Appellant]'s federal attorney. The idea is to make a determination in federal court whether or not the negotiations in a federal sentence will involve whatever that might be, whatever the length of the federal sentence might be, and whether or not the federal judge would allow you, if you wish to, run your sentence, whatever that might be, concurrent with the federal judge's sentence. There is no guarantee that the federal judge will do that, okay, and to this day I still do not know what the U.S. Attorneys, what the final resolution is as to what sentence they are suggesting that [Appellant] is to serve. [The Commonwealth] tells me one thing, [Appellant] tells me something else, the federal attorney tells me something different. So until I get a resolution of that it's impossible for me to recommend to my client to proceed until I know all of those things.

The reason for the postponement, Your Honor, is that I don't know what's going on down the street. And until that is established, I

---

[2] 18 Pa.C.S. § 2501(a).

cannot in good conscience recommend any kind of possible settlement or resolution because I simply do not believe it's in to his advantage in any way to try this case before the federal case is at least, if not resolved, we understand what the federal government wants to do.

*Id.* at 7-8.  The trial court granted the postponement.

On May 19, 2018, Appellant appeared at a guilty plea hearing in the instant matter.  The parties represented that they had reached a plea agreement, the terms of which were recited as follows:

> [Commonwealth]:  .  .  .  Your Honor, at this[] time the Commonwealth moves to amend Count 1, criminal homicide, to one count of voluntary manslaughter which is Title 18, Section 2504. The Commonwealth has agreed to sentencing to be set by the Court on Count 1 and any additional sentencing on Counts 2 through 6 to run concurrent to whatever the Court imposes at Count 1.
>
> THE COURT: And how's it graded?
>
> [Commonwealth]: It's a felony of the first degree, Your Honor. Statutory maximum is 20 years.
>
> THE COURT: Thank you.  [To Appellant's counsel], is that your understanding of the plea agreement today?
>
> [Appellant's Counsel]: Yes, Your Honor. I think there are certain additional details that might be added in that there is a dispute between the parties as to what my client's prior record score is, and that will be evaluated subject to the Pre-Sentence Report and a sentencing date. **Additionally, this agreement does not address the matter as to the consecutive or concurrent nature of the sentence.**
>
> THE COURT: All right. And there is an understanding that I can deal with this at the time of sentencing?
>
> [Appellant's Counsel]: Correct.

N.T. Guilty Plea Hr'g, 3/19/18, at 2-3 (emphasis added).

Following an extended colloquy, the following exchange occurred:

[Appellant]: Yes, sir. May I say one thing? The federal case is still pending. I'm not sure when my sentence will be imposed and I'm not sure if [the federal judge] will impose my sentencing concurrent, so I was under the understanding that you wanted the best outcome for me, so I was wondering if you could actually wait and see till my federal sentence is over with to be sentenced on this case.

[Appellant's Counsel]: That's what's happening, Your Honor. We set this sentence date – if I may . . . we set this sentence date from my understanding from [Appellant]'s federal attorney that his federal sentence is going to occur in April.

THE COURT: So we're coming back here in June, so your federal sentence will take place before you come back here for sentencing purposes.

*     *     *

THE COURT: Just for the record, **I'm not sure, [to Appellant], that I told you that I want the best outcome for you as far as you were concerned. I hope that the outcome at sentencing is going to be a just and fair one**. That's my responsibility and that's going to be what I'm going to do. What you think and what I think may be different, but you have spoken to your lawyer about what we've discussed, so you understand that, correct?

[Appellant]: Yes, sir.

*     *     *

[Commonwealth]: Your Honor, the only thing I will say is that, based on the plea agreement with the Federal Government, the Commonwealth went down to a voluntary manslaughter with the objective of objecting to a concurrent sentence. I understand the [c]ourt can do it despite my objection. I understand the [f]ederal [c]ourt can do it, but I want the Court to understand we did not agree to a concurrent sentence when we went down to voluntary manslaughter. It's a general plea agreement for sentencing, and **the Commonwealth will be asking for consecutive time**, and I want [Appellant] to understand that as we are here today, but I

- 4 -

don't know what the [c]ourt and ultimately the Federal Government will do.

THE COURT: Anything else [to Appellant's counsel]?

[Appellant's Counsel]: I understood.

THE COURT: And obviously, without beating a dead horse, **I've not agreed or represented an agreement to whether or not sentence can be concurrent or consecutive**. So we'll see you back here on June the 4th, 2018, maybe before, maybe after depending.

*Id.* at 20-22, 24-25 (emphases added).

The trial court summarized the remaining procedural history of this case as follows:

On April 12, 2018, Appellant ple[]d guilty in his federal case before the Honorable Judge Nora B[a]rry Fischer to one count of conspiracy to possess with intent to distribute and distribute heroin at CR No. 6-00195-008. On April 12, 2018, Judge Fischer sentenced Appellant to seventy (70) months imprisonment, leaving discretion to the undersigned [trial judge] to determine whether Appellant's sentence in the case *sub judice* would be served **concurrently** or **consecutively** to Appellant's federal sentence.

On June 4, 2018, th[e trial c]ourt sentenced Appellant to seven (7) years and six (6) months to seventeen (17) years at Count One (voluntary manslaughter—unreasonable belief) said sentence to run **consecutively** to Appellant's federal sentence. On Count Two (possession of firearm prohibited), Count Three (firearms not to be carried without a license), and four (abuse of a corpse), th[e c]ourt sentenced Appellant to two (2) to four (4) years at each count to run **consecutively** to his federal sentence [but concurrent to Count One]. At Count Five (tamper with/fabricate physical evidence) and Count Six (conspiracy— abuse of corpse), th[e c]ourt sentenced Appellant to two (2) years of probation at each count.

Trial Ct. Op. at 2-3 (some capitalization omitted and emphasis in original).

At the conclusion of the sentencing hearing, the following exchange occurred:

THE COURT: Do you understand your sentence?

[Appellant]: No, sir.

THE COURT: Why don't you understand your sentence?

[Appellant]: I don't understand my sentence because you actually promised me something.

THE COURT: All right. That's not not [sic] understanding my sentence. [Your counsel] will explain to you –

[Appellant]: Excuse me.

THE COURT: -- I've heard from you about what my promise to you allegedly was. I don't agree with you. There was no promise with respect to consecutive or concurrent sentence.

Do you understand your sentence outside of that issue?

Do you understand your sentence?

[Appellant]: No, sir. I actually -- I want to actually ask you for reconsideration.

N.T. Sentencing Hr'g, 6/4/18, at 36.

Appellant filed timely post-sentence motions seeking, in part, to withdraw his plea based on his belief that there was a promise that his sentence would run concurrent to his federal sentence. Post-Sentence Mot., 6/11/18, at ¶ 4(b). The trial court denied Appellant's motion on June 12, 2018.

Appellant timely appealed and complied with the trial court's order to file and serve a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion.

In its opinion, the trial court concluded that it properly denied Appellant's post-sentence motion to withdraw his plea. Trial Ct. Op. at 4. The trial court noted that the record contradicted Appellant's contention that there was an agreement or promise to impose a sentence concurrent to his federal sentence. The court emphasized that "Appellant was forewarned that no such agreement existed at the time of his plea[,]" and could have withdrawn his plea earlier rather than testing the trial court's sentence. *Id.* at 5.

On appeal, Appellant presents a single question for review: "Whether the trial court abused its discretion when it failed to allow [him] to withdraw his guilty plea?" Appellant's Brief at 3. Appellant claims that his "plea was not knowingly, voluntarily and intelligently entered as [he] stated several times on the record that he did not understand the plea." *Id.* at 9. He maintains that he was promised that his sentences in the instant case and the federal case would run concurrently. *Id.* at 11.

According to Appellant, he would not have entered a plea "[h]ad such a promise not been made." *Id.* Appellant emphasizes that at sentencing, he repeatedly asserted his belief that he was entitled to a sentence concurrent to his federal sentence. *Id.* In short, Appellant asserts that "the trial court should have granted [his] motion to withdraw his guilty plea, or at the very least conducted a hearing on his post-sentence motion to determine if the argument was meritorious." *Id.* at 12.

The principles governing our review are well settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not

be upset absent an abuse of discretion." ***Commonwealth v. Pardo***, 35 A.3d

1222, 1227 (Pa. Super. 2011) (citation omitted).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. . . . Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> *   *   *
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations

and quotation marks omitted). Furthermore, "the law does not require that a

defendant be pleased with the outcome of his decision to plead guilty. The

law requires only that a defendant's decision to plead guilty be made

knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200

A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Instantly, it is apparent that Appellant delayed entering his plea in the

instant case in the hope that the sentences could run concurrent to the

sentence in his federal case. ***See*** N.T. Postponement Hr'g at 4-6. However,

we find no record support for Appellant's assertion that there was a promise

that the sentences in the instant case and the federal case would run concurrently. *See* N.T. Guilty Plea Hr'g at 20-22, 24-25. To the contrary, the trial court repeatedly clarified that no such promise existed. *See id.* Therefore, we agree with the trial court that Appellant failed to demonstrate manifest injustice requiring the post-sentence withdrawal of his plea. *See Pardo*, 35 A.3d at 1227.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2019