J-A14038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZANE RICHARD CLEVER, | : | |
| | : | |
| Appellant | : | No. 1469 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 24, 2018
in the Court of Common Pleas of Armstrong County
Criminal Division at No(s):  CP-03-CR-0000340-2017

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 23, 2019**

Zane Richard Clever ("Clever") appeals from the judgment of sentence imposed following his guilty plea to involuntary manslaughter and conspiracy to commit delivery of a controlled substance.[1]  We affirm.

On October 23, 2016, Angela Wright, the victim in this case, was found deceased after overdosing on a mixture of heroin and fentanyl purchased from a third-party.  In investigating her death, it was learned that Clever drove the third-party to the victim's residence in order to facilitate the sale.

Clever stipulated to these facts and pled guilty, in exchange for reduced charges and a recommended sentence of 16 to 36 months in prison, to be followed by two years' probation.  The plea agreement stated, in relevant part:

> [A]ny sentence recommended by the attorney for the Commonwealth is <u>a recommendation only</u>, and [] the <u>judge</u>

_____

[1] 18 Pa.C.S.A. §§ 2504, 903; 35 P.S. § 780-113(a)(30).

imposing sentence <u>may or may not follow</u> any such recommendation…. [F]inal sentencing authority is with the judge imposing sentence…. [T]he [c]ourt's failure to sentence in accordance with the Commonwealth's recommendations shall <u>not</u> be a basis for withdrawing any plea.

Plea Agreement, 6/1/18, at 1 (unpaginated) (emphasis in original).

In his written guilty plea colloquy, Clever indicated that he "completely [understood] the terms of the plea agreement" and knew "that the judge [did] not have to go along with any sentencing recommendation or plea agreement made by the [Commonwealth]." Guilty Plea Questionnaire, 6/8/18, at 3.

Prior to accepting the plea agreement, the trial court questioned Clever as to his understanding that the reduced sentence was merely a recommendation. **See** N.T., 6/7/18, at 12. Clever responded in the affirmative. **See id.**

After reviewing a Pre-Sentence Investigation ("PSI") report, the trial court noted Clever's nearly continuous 20-year criminal history, rejected the Commonwealth's recommendation, and sentenced Clever to 24 to 48 months in prison. The trial court also ordered Clever to pay $555 in restitution, and serve 2 years of probation consecutive to his prison term. Clever then filed a Post-Sentence Motion seeking to withdraw his guilty plea, which the trial court denied. Clever filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Clever raises the following claims for our review:

I.     Did the [trial] court err by imposing a sentence in excess of the terms of the negotiated plea agreement[,] which had been accepted by the court?

II.    Did the [trial] court err by imposing restitution as a part of the sentence, when the payment of restitution was not a part of the negotiated plea agreement[,] which had been accepted by the court?

III.   Did the [trial] court err by not providing [Clever] an opportunity to withdraw his guilty plea prior to imposing a sentence in excess of the terms of the negotiated plea agreement[,] which had been accepted by the court?

Brief for Appellant at 2 (claims re-numbered).

For ease of disposition, we address Clever's first and second claims simultaneously, as they involve different aspects of the same issue, *i.e.*, the imposition of a sentence that deviates from the recommended sentence outlined in the plea agreement. Specifically, Clever argues that the trial court erred by sentencing him to 24 to 48 months in prison, instead of the recommended 16 to 36 months, and by ordering him to pay restitution. *See* Brief for Appellant at 10-15.

Clever claims that the trial court was bound by the Commonwealth's recommendation because the trial court indicated its acceptance of the plea agreement in chambers, prior to accepting the plea agreement in open court. *Id.* at 10. This, he contends, converted the plea agreement from a tentative proposal to a binding agreement. *Id.* Moreover, Clever argues that the trial court's formal acceptance of the plea, in open court, "created reasonable expectations … that its negotiated terms would be followed." *Id.* Accordingly,

Clever asserts, the guilty plea was a stipulated plea that required the trial court to impose the exact sentence contemplated in the plea agreement. *Id.*

In addition, Clever contends that, even if the sentence were a recommendation, "Pennsylvania courts have held that a sentence recommendation is among the terms of a plea bargain." *Id.* at 11. Therefore, the trial court was mandated to abide by the terms of the agreement. *Id.*

> Our standard of review following a plea of guilty is well-settled. A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea. As [Clever's first two] issues present challenges to the legality of his sentence, our scope and standard of review is … plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Luciani*, 201 A.3d 802, 806-07 (Pa. Super. 2018) (citations, brackets, and quotation marks omitted).

We initially note that the trial court's alleged acceptance of the proposed terms of the plea agreement, in chambers, off the record, is not only disputed by the trial court, but also immaterial to our determination. *See* Trial Court Opinion, 11/9/18, at 7. We agree with the trial court insofar as "those proceedings are not of record and their contents are not part of the plea agreement." *Id.*; *see also* Pa.R.A.P. 1921, Note (stating that an "appellate court may consider only the facts which have been duly certified in the record on appeal," citing *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974)). We further note that even if the trial court had accepted the

tentative plea agreement, for the reasons set forth below, the agreement was merely that the Commonwealth would *recommend* a particular sentence.

Similarly, the trial court's acceptance of the plea agreement in open court did not embrace a particular sentence. The express terms of Clever's plea agreement demonstrate that the 16 to 36-month sentence was intended to be a *recommendation*. **See** Plea Agreement, **supra**. At his colloquy, and in his guilty plea questionnaire, Clever specifically acknowledged that the trial court was not bound by the Commonwealth's recommendation and had the authority to impose a sentence greater than, or different from, the recommended sentence contained in the plea agreement. **See** N.T., 6/7/18, **supra**; **see also** Guilty Plea Questionnaire, **supra**. The record indicates that the trial court never accepted a specific sentence as a term of the plea agreement. Rather, the trial court accepted the reduction of certain charges, alongside a sentence *recommendation,* as a term of the plea agreement. As such, we discern no error and cannot afford Clever relief on his first two claims.

In his third claim, Clever argues that the trial court erred by failing to afford him the opportunity to withdraw his guilty plea prior to sentencing. Brief for Appellant at 16-18.

"There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003) (citations and quotation marks omitted).

A defendant's request to withdraw a guilty plea should be "liberally granted" when sought *prior* to sentencing, however, when a defendant seeks to withdraw a guilty plea *after* sentencing, the request must be reviewed from a stricter standard. **Commonwealth v. Pardo**, 35 A.3d 1222, 1227-28 (Pa. Super. 2011). Once a sentence has been imposed, a defendant should be permitted to withdraw his guilty plea only to correct a manifest injustice. **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa. Super. 2002).

"The terms of a plea agreement may also determine a defendant's right to withdraw a guilty plea." **Pardo**, 35 A.3d at 1227. Where a defendant understands that a recommended sentence is merely a recommendation, *i.e.*, not binding, a plea agreement may preclude a defendant from using an unsatisfactory sentence as a basis for withdrawal of the guilty plea. **See id.** at 1228 (wherein the Court enforced a plea agreement's specific waiver language when the defendant attempted to withdraw a guilty plea post-sentence).

In the instant case, Clever did not seek to withdraw his guilty plea until *after* sentencing. Clever's plea agreement specifically stated that "the [c]ourt's failure to sentence in accordance with the Commonwealth's recommendations shall <u>not</u> be a basis for withdrawing any plea." **See** Plea Agreement, **supra** (emphasis in original). The record demonstrates that Clever understood that the recommended sentence was a mere recommendation, from which the trial court could depart. **See** Guilty Plea

Questionnaire, *supra*; *see also* N.T., 6/7/18, at 12. Accordingly, the express language of Clever's guilty plea, as understood by Clever, precluded him from withdrawing his plea based on the trial court's rejection of the Commonwealth's recommendation. We therefore discern no abuse of discretion on behalf of the trial court in denying Clever's Post-Sentence Motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2019