J-A19044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN SCOTT SCHIER | : | |
| | : | |
| Appellant | : | No. 482 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002008-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN SCOTT SCHIER | : | |
| | : | |
| Appellant | : | No. 483 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003088-2018

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED DECEMBER 04, 2020**

Brian Scott Schier (Appellant) takes these consolidated appeals from the

judgments of sentence entered in the Chester County Court of Common Pleas,

following the revocation of his parole.[1]  Appellant's counsel, Deborah Brown, Esquire, (Counsel), has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny Counsel's petition and remand for the trial court to file a supplemental opinion.

We first note the certified record does not include any transcripts from the proceedings, and upon informal inquiry by this panel, the trial court responded it did not have any in its possession.  We glean the following procedural history from the certified record.  On February 6, 2019, Appellant appeared before the Honorable David Bortner and pleaded guilty to a third offense of driving under the influence[2] (DUI) at trial docket CP-15-CR-0002008-2018 (Docket 2008).  The court imposed a sentence of one to two years' imprisonment, and set an RRRI-minimum sentence of nine months.[3]

---

[1] Appellant filed separate notices of appeal at each of his two trial dockets. Thus, **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), is not implicated.  **See id.** at 977 (pursuant to Pa.R.A.P. 341(a), "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed").  The two appeals were consolidated by this Court on April 2, 2020.

[2] 75 Pa.C.S. § 3802(d)(2) (under the combined influence of alcohol and a drug).  **See** Sentencing Sheet, Docket 2008, 2/6/19 (stating this is Appellant's third DUI offense).

[3] **See** 61 Pa.C.S. §§ 4501-4512 (recidivism risk reduction incentive).  This Court has explained:

The sentencing sheet stated the trial court and the Commonwealth did not object to Appellant serving this sentence at Chester County Prison.[4] The court paroled him that same day. Order, Docket 2008, 2/6/19.

---

> [O]ffenders eligible for the RRRI program are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less . . . . *See* 61 Pa.C.S. § 4505(c). After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. 61 Pa.C.S. § 4506. A trial court is required, by statute, to determine if a defendant is eligible for an RRRI minimum sentence. *See* 42 Pa.C.S. § 9756 (b.1).

*Commonwealth v. Pardo*, 35 A.3d 1222, 1224 n.3 (Pa. Super. 2011).

[4] *See* Sentencing Sheet, Docket 2008 ("*Court/CW has no objection to sentence being served @ CCP"); Trial Docket, Docket 2008 at 5 ("Court/Commonwealth has no objection to sentence being served @ Chester County Prison.").

However, we note Subsection 9762(b) of the Pennsylvania Sentencing Code generally provides that unless certain conditions are fulfilled, sentences with a maximum terms of two years or more shall be served in state prison, while only sentences with a maximum term of less than two years may be served in county prison:

> [(b)](2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:
>
>> (i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

Also on the same day, Appellant pleaded guilty to criminal use of a communication facility[5] (CUCF) at trial docket CP-15-CR-0003088-2018 (Docket 3088). The trial court sentenced him to 221 days to 23 months and one day's incarceration, to run concurrently with the sentence at Docket 2008.[6] Appellant did not file a post-sentence motion at either docket.

Twenty-two days later, on February 28, 2019, the trial court *sua sponte* amended Appellant's sentence at Docket 3088 (CUCF). It appears the sole modification to the sentence was the additional condition, "Sentence may be served at CCP at Warden's discretion." Amended Sentencing Sheet, Docket 3088, 2/28/19.

The following procedural history pertains to Docket 2008 (DUI). On April 12, 2019, Appellant, although represented by counsel, submitted a *pro se* "Petition for Good Time." The motion stated: (1) the trial court had

---

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S. § 9762(b)(2)-(3).

[5] 18 Pa.C.S. § 7512(a).

[6] There was no immediate parole order at Docket 3088.

sentenced him "to a 1 to 2 year State sentence to be served in the Chester County Prison;" (2) the court also set a RRRI-minimum sentence of nine months; (3) the Chester County Prison did not offer a RRRI program; and (4) Appellant has received no disciplinary infractions. Appellant's Petition for Good Time, 4/12/19, at 2 (unpaginated). Appellant thus requested that "instead of RRRI Eligibility[,] he be granted Good Time" so that he may be released. *Id.* The corresponding docket entry for this motion indicates the *pro se* petition was served on the trial court, Appellant's counsel, and the Commonwealth.[7] The Docket 2008 trial docket also includes an entry for a counseled May 14, 2019, "Motion for Parole," but the motion itself is not included in the certified record.

On May 28, 2019 — more than three and a half months after sentencing on February 2, 2019 — the trial court entered an order, which: (1) stated Appellant and the Commonwealth agree the sentence is illegal; and (2) ordered Appellant to be resentenced "in accordance with the negotiated sentencing agreement." Order, Docket 2008, 5/28/19. However, the order does not explain why the sentence was illegal. An amended sentencing sheet issued that same day set forth a new imprisonment term of 11 months and

---

[7] *See* Pa.R.Crim.P. 576(A)(4) (where represented defendant submits *pro se* filing, the clerk of courts shall, *inter alia*, accept it for filing, make a docket entry reflecting the date of receipt; copy of filing shall be forwarded to the defendant's attorney and Commonwealth within 10 days).

29 days to 23 months and 29 days.[8]   Amended Sentencing Sheet, Docket 2008, 5/28/19.  We note the new minimum and maximum terms were each approximately one day less than the original terms (1 year and 2 years, respectively).  The amended sentencing sheet also provided Appellant was immediately eligible for parole.

On December 12, 2019,[9] Appellant's parole officer filed a petition for a bench warrant, which was granted.  According to Counsel's *Anders* brief, Appellant was arrested on December 17th, and the trial court conducted a *Gagnon I* hearing on December 23, 2019, and a *Gagnon II* hearing on January 3, 2020.[10]  *Anders* Brief at 6.  Counsel entered her appearance on

---

[8] The amended sentence also omitted any minimum RRRI sentence.

[9] For ease of review, we note that while the petition for a bench warrant was signed December 10, 2019, and the accompanying trial court order was dated December 11th, the order was entered on the trial docket on December 12th.

[10] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). This Court has explained:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citations omitted).

January 3, 2020.[11]  At the **Gagnon II** hearing, the Honorable Robert Shenkin revoked parole at both dockets.  At Docket 2008 (DUI), the court recommitted Appellant to the balance of his maximum term: twelve months and 27 days' incarceration.  At Docket 3088 (criminal use of a communication facility), the court recommitted Appellant to the balance of the maximum term of 15 months and 19 days' incarceration.  At both sentences, the court awarded credit for time served from December 17, 2019 to January 3, 2020.

On February 3, 2020, Appellant filed notices of appeal, as well as a motion for a transcript of the January 3rd proceedings.  Although the certified record does not include this transcript, we note Counsel's **Anders** brief cites to specific pages of such a transcript.  **See Anders** Brief at 8-9.  On February 18th, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained on appeal within 21 days.  In response, on March 5th, Counsel filed a statement of intent to file an **Anders** brief.

The **Anders** brief submitted to this Court raises one issue: "Were the sentences imposed at Appellant's violation of probation and parole hearing illegal by extending the end date of supervision?"  **Anders** Brief at 4.  In support, Appellant would argue "his sentence was illegal as the court did not

---

[11] While the text of the entry of appearance is dated January 3, 2020, it is time stamped as "filed," and was entered on the docket, on January 14th.

credit him for time spent while on parole without violation." *Id.* at 12. The trial court issued an opinion, the main discussion of which states in sum:

> No issues have been preserved for appeal. No concise statement of errors complained of on appeal has been filed.[FN] We are satisfied that the sentences imposed on [Appellant] are appropriate for his parole violation and other circumstances.
>
> _____
> [FN] In lieu of such statement, pursuant to Pa.R.A.P. No. 1925(c)(4), counsel filed a notice of intent to file an *Anders/Santiago* brief. If this case should be remanded pursuant to the aforesaid rule, we will file a supplemental opinion.

Trial Ct. Op., 3/25/20.

After review of the record — which, as stated above, does not include any notes of testimony — Counsel's *Anders* brief, the Commonwealth's brief, and the trial court's opinion, we determine we are unable to review the merits of the issue presented in the *Anders* brief. Thus, we remand this matter for the trial court to file, within 30 days of this memorandum, a supplemental opinion addressing these issues: whether Appellant's "sentence was illegal as the court did not credit him for time spent while on parole without violation," and whether this issue was preserved for appeal. *See* Trial Ct. Op. ("No issues have been preserved for appeal."); *Anders* Brief at 12.

Furthermore, the trial court shall address the related issues of: (1) why the February 6, 2019, sentencing order was illegal; (2) whether the court had authority, on May 28, 2019, to amend the sentence more than 30 days after

- 8 -

the original sentencing;[12] (3) whether the sentencing modification related to allowing Appellant to serve his sentence in county prison, *see* 42 Pa.C.S. § 9762(b)(2)-(3), and if so, whether this modification was a correction of a "clear clerical error[ ]" and whether the statutory conditions of Subsection 9762(b)(2) were met. *See* 42 Pa.C.S. § 9762(b)(2)-(3); *Borrin*, 12 A.3d at 471. Finally, the trial court shall supplement the record with any available notes of testimony — including those for the February 6, 2019, and January 3, 2020, proceedings — that would facilitate review of this appeal and Counsel's *Anders* petition. We acknowledge that Judge Shenkin did not impose or amend the original sentence. Judge Shenkin may thus direct the parties to file memoranda or conduct any hearing that may assist the court.

The trial court prothonotary is directed to certify and transmit the supplemental record containing the trial court's opinion within 7 days of receipt of the opinion.

In light of our disposition to remand, we deny Counsel's petition to withdraw from representation.

_____

[12] *See* 42 Pa.C.S. § 5505 (generally, a court "may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed"); *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa. Super. 2011) ("[A] trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders[,] even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505[.]"). *See also Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("motion to correct illegal sentence" must be treated as PCRA petition and may be reviewed if it meets PCRA's timeliness requirements).

Counsel's petition to withdraw from representation denied. Case remanded for trial court to prepare an opinion. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/20