J-A09009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
      v.   :
  :
  :
DONALD SALTSGIVER   :
  :
      Appellant   :   No. 1132 WDA 2023

Appeal from the Judgment of Sentence Entered August 24, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000176-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                  **FILED: May 7, 2024**

Appellant, Donald Saltsgiver, appeals from the August 24, 2023 Judgment of Sentence entered in the McKean County Court of Common Pleas following the entry of his negotiated guilty plea to one count of Failure to Verify Residence or be Photographed,[1] a violation of the Sexual Offender Registration and Notification Act ("SORNA").[2] Appellant's counsel has filed an **Anders**[3] Brief and a Petition to Withdraw as Counsel. After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

---

[1] 18 Pa.C.S. § 4915.2(a)(2).

[2] **See** 42 Pa.C.S. § 9799.60 (pertaining to verification of residence).

[3] **Anders v. California**, 386 U.S. 738 (1967).

**A.**

The relevant factual and procedural history is as follows. Appellant is subject to the registration requirements of Subchapter I of SORNA.[4] On January 18 and February 20, 2023, Appellant failed to verify his home address as required by 42 Pa.C.S. § 9799.60. The Commonwealth charged Appellant with the above offense, a second-degree felony,[5] on March 1, 2023.

Appellant appeared in court on May 18, 2023, to enter a negotiated plea. Prior to beginning the day's proceedings, the court informed all defendants present in court of the rights they would waive if they pleaded guilty. In proceeding with Appellant's case, the court referenced Appellant's written plea colloquy and asked Appellant if he had read, understood, and voluntarily signed the colloquy. Appellant responded that he had.

The court deferred sentencing until July 6, 2023. On the day of the sentencing hearing, Appellant informed his counsel, Phillip Clabaugh, Esq., that he wished to withdraw his plea. After Attorney Clabaugh informed the court, it continued the sentencing hearing and directed Appellant to file a written motion to withdraw his plea. The court did not ask Appellant why he wished to withdraw his plea.

---

[4] The record does not indicate Appellant's prior conviction that rendered him subject to SORNA's registration requirements.

[5] The statutory maximum incarceration sentence for a second-degree felony is 10 years. 18 Pa.C.S. § 1103(2).

The next day, Appellant filed the motion, which stated only that he "has second-thoughts [*sic*] regarding his plea and wishes to proceed to trial[.]" Motion to Withdraw Guilty Plea, 7/7/23, at ¶ 10. The Commonwealth responded on July 20, 2023, asserting that Appellant failed to establish a fair and just reason to withdraw his plea. Commonwealth's Answer, 7/20/23, at ¶ 12. The court did not hold a hearing on the motion.[6]

On August 14, 2023, the court issued an Opinion and Order denying Appellant's motion to withdraw, which it docketed the next day. On August 24, 2023, the court sentenced Appellant to the negotiated sentence of 21 to 42 months of incarceration.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[7]

## B.

On December 22, 2023, Attorney Clabaugh filed an ***Anders*** brief. Appellant did not respond. In his ***Anders*** brief, Attorney Clabaugh indicated that Appellant wished to raise the following issue on appeal:

---

[6] If the defendant orally moves to withdraw his plea at sentencing, the court should conduct a colloquy to determine whether there is a fair and just reason for withdrawal. Pa.R.Crim.P. 591 cmt. However, in this case, the court directed Appellant to file a written motion and based its decision on that motion. N.T. Sentencing Hr'g, 7/6/23, at 3; Opinion and Order, 8/14/23, at 2 (unpaginated). Therefore, an oral colloquy was not necessary.

[7] In its Pa.R.A.P. 1925(a) Opinion, filed October 20, 2023, the trial court directed our attention to its August 14, 2023 Order and Opinion.

Did the trial [c]ourt abuse its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea pursuant to Pa.R.Crim.P. 591[?]

*Anders* Br. at 4.

**C.**

As a preliminary matter, we address Attorney Clabaugh's request to withdraw as counsel. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). For counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that he must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Attorney Clabaugh has complied with the mandated procedure for withdrawing as counsel. Additionally, he confirms that he sent Appellant a copy of the *Anders* Brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed

- 4 -

*pro se*, or raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because Attorney Clabaugh has satisfied the above requirements, we will review the issue raised in the **Anders** Brief to determine if it has arguable merit. Subsequently, we must conduct "a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted); **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

**D.**

In his **Anders** brief, Attorney Clabaugh indicates that Appellant wishes to challenge the trial court's discretion in denying his motion to withdraw his guilty plea pursuant to Pa.R.Crim.P. 591. **Anders** Br. at 4.

We review a trial court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Blango**, 150 A.3d 45, 47 (Pa. Super. 2016). "An abuse of discretion exists when a defendant shows any 'fair and just' reason for withdrawing his plea absent 'substantial prejudice' to the Commonwealth[,]" yet the court denied the defendant's motion to withdraw. **Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa. Super. 2011).

Rule 591 provides that, in its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A). A defendant does not have an "absolute right" to withdraw a guilty plea. **Commonwealth v. Carrasquillo**, 704, 115 A.3d 1284, 1291 (Pa. 2015). While trial courts should grant motions to withdraw liberally, courts must first determine whether the defendant "has made some colorable demonstration . . . that permitting withdrawal of the plea would promote fairness and justice." **Commonwealth v. Norton**, 201 A.3d 112, 120-21 (Pa. 2019) (citation omitted); **see also Commonwealth v. Elia**, 83 A.3d 254, 263-64 (Pa. Super. 2013) (holding that defendant's claims that evidence was insufficient to convict him, that he wanted to challenge evidence at trial, and that he was "bullied" by counsel to accept plea agreement constituted fair and just reasons for withdrawing his plea).

*

Here, Appellant sought to withdraw his guilty plea because, "upon further reflection," he had "second-thoughts [*sic*] regarding his plea and wishe[d] to proceed to trial." Motion to Withdraw Guilty Plea at ¶10. Appellant did not assert his innocence or offer any further explanation in the motion.

The trial court found that Appellant failed to provide a fair and just reason to withdraw his plea because his assertion that he had "second[] thoughts" about his plea did not meet even the liberal standard for withdrawal. Opinion and Order at 2 (unpaginated).

After careful review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea. Although the trial court should exercise its discretion liberally in favor of the defendant, Appellant's bald assertion that he had second thoughts about pleading guilty, with no further explanation whatsoever, failed to present a fair and just basis to allow him to withdraw his plea. Thus, the court properly denied his motion. Accordingly, we agree with counsel and conclude that this issue is wholly frivolous.

Our independent review of the record does not reveal any non-frivolous arguments available to Appellant.[8] *Yorgey*, 188 A.3d at 1197. Accordingly, we grant Attorney Clabaugh's Petition to Withdraw and affirm Appellant's judgment of sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

---

[8] We further note that Appellant's negotiated sentence of 21 to 42 months was well below the statutory maximum of 10 years, and he confirmed that his plea was voluntary. N.T. Guilty Plea, 5/18/23, at 4. Appellant provided no basis upon which to challenge the legality of his plea or sentence. *See* *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (holding that when an appellant enters a guilty plea, he waives the right to "challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea.") (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 05/07/2024