J-S35009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIKKI MARIE GAUMER | : | |
| | : | |
| Appellant | : | No. 540 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 13, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001450-2024

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:　　　　　**FILED: NOVEMBER 7, 2025**

Appellant, Nikki Marie Gaumer, appeals from the judgment of sentence entered March 13, 2025, as made final by the order dated April 4, 2025 that denied Appellant's post-sentence motion to withdraw her guilty plea.  We affirm.

On December 2, 2024, Appellant was charged *via* criminal information with three counts of endangering the welfare of a child ("EWOC").[1]  On March 13, 2025, Appellant pled guilty to the aforementioned charges.  That same day, the trial court sentenced her to undergo imprisonment for a minimum of one year less one day and a maximum of two years minus one day, followed by four years' probation.

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

On March 27, 2025, Appellant filed a motion seeking to withdraw her guilty plea, claiming that "she was confused and did not understand the consequen[ces thereof]." Appellant's Motion to Withdraw Guilty Plea, 3/27/25, at *2 (unpaginated). In addition, Appellant's counsel sought leave to withdraw as counsel. *See* Motion to Withdraw as Counsel, 3/27/25, at *1 (unpaginated). On April 4, 2025, the trial court convened a hearing on both motions. Thereafter, the trial court entered an order denying Appellant's motion to withdraw her guilty plea, granting Appellant's counsel's motion to withdraw, and appointing Micheal J. Fiorillo, Esquire, to represent Appellant. Appellant filed a notice of appeal on April 22, 2025. On May 1, 2025, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

On appeal, Appellant raises the following issue for our consideration:

Whether the [trial] court erred and abused its discretion when it failed to grant Appellant's post-sentence motion to withdraw her guilty plea, where the evidence supports that she did not understand the consequences of entering her plea?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Before we consider the merits of Appellant's claims, we first consider whether the notice of appeal was timely filed. It is well-settled that this Court lacks jurisdiction over untimely appeals and that we have the obligation to raise such jurisdictional concerns *sua sponte*. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014). "[A] notice of appeal shall be filed

within 30 days after the entry of the order from which the appeal is taken" which, in a criminal case, is the judgment of sentence.  Pa.R.A.P. 903(a); **see Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) (citation omitted).  A timely filed post-sentence motion, however, will toll the 30–day appeal period. Pa.R.Crim.P. 720(A)(2)(a)-(c).  To be considered timely, a post-sentence motion must be filed within ten days of the imposition of the defendant's sentence.  Pa.R.Crim.P. 720(A)(1).

Herein, the trial court imposed Appellant's sentence on March 13, 2005. A review of the certified record reveals that Appellant filed her post-sentence motion seeking to withdraw her guilty plea on March 27, 2025, 14 days after the imposition of sentence.  Hence, Appellant did not file a timely post-sentence motion and Appellant had 30 days from the imposition of her sentence to file her notice of appeal, *i.e.*, on or before April 14, 2025.  **See** Pa.R.A.P. 903(a); **see also** 1 Pa.C.S.A. § 1908 (explaining that, whenever the last day of any period of time in which to take action "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). Appellant did not file her notice of appeal until April 22, 2025, 40 days after sentencing.  Accordingly, Appellant's appeal appears untimely.

In general, "an appellate court cannot extend the time for filing an appeal." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (citation omitted).  This rule, however, "does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes

of the court." *Id.* (citation omitted). A "breakdown" may occur if "the trial court or the clerk of courts depart[s] from the obligations specified in current Rules 704 or 720 of the Pennsylvania Rules of Criminal Procedure." *Id.* at 499. Indeed, a breakdown in the judicial system occurs if, in violation of Pa.R.Crim.P. 720, a trial court denies an untimely post-sentence motion but subsequently fails to apprise the defendant that, "due to the late filing of his post-sentence motion, an appeal [needed to be filed] within [30] days of the imposition of [his] sentence." *Id.*

A review of the certified record reveals that this case presents such a breakdown in the judicial system. On April 4, 2025 (within 30 days of the imposition of Appellant's sentence in open court), the trial court convened a hearing on Appellant's untimely post-sentence motion. Ultimately, at the close of the hearing, the trial court denied Appellant's request to withdraw her guilty plea, stating:

> The court: Your best bet if you feel that [your guilty plea] was not voluntary and intelligently made [is] . . . some sort of ineffective assistance of counsel claim, the appropriate forum for that is what's called the Post-Conviction Relief Act. If you're going to be represented by counsel, [another attorney] would be able to [file] that claim and provide that as a . . . potential remedy.
>
> But based on what I heard today and looking at what I previously did and colloquing on the issues, I can't find that there's manifest injustice. I simply can't. So I am denying your motion to withdraw your guilty plea. The original sentence stands.
>
> **Because you did file a motion within the appropriate time, your appeal rights start again today. Okay?**

- 4 -

N.T. Hearing, 4/4/25, at 13-15 (emphasis added). As the record makes clear, the trial court incorrectly advised Appellant of the time for taking an appeal pursuant to Pa.R.Crim.P. 720(B)(4)(a) given the **untimely** nature of her post-sentence motion. Instead, the trial court specifically stated that Appellant's post-sentence motion was timely. Based upon the foregoing, we decline to quash Appellant's appeal as untimely. **See Patterson**, 940 A.2d at 498-499; **compare Commonwealth v. Capaldi**, 112 A.3d 1242, 1245, n.3 (Pa. Super. 2015) (holding that a breakdown in the judicial system did not occur because the trial court denied the appellant's untimely post-sentence motion after the appeal period expired).

On appeal, Appellant challenges the validity of her guilty plea. The principles governing our review are well settled. In prior cases, we have said that "[a] trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." **Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintentionally." **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) (internal citations omitted).

This Court previously explained:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.2

* * *

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his

plea and that he knowingly and voluntarily decided to enter the plea.

Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> * * *
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> * * *
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1046–1047 (Pa. Super. 2011) (most internal citations omitted) (formatting altered).

On appeal, Appellant claims that her guilty plea is invalid because she was unaware of its consequences. Appellant's Brief at 14. Appellant points to the fact that she did not have a "record discussion . . . regarding the consequences, direct or collateral, of her plea." *Id.* at 13.[2] As such, Appellant

_____

[2] On appeal, Appellant points to the "consequences" set forth in "questions []31 through []34" of the written guilty plea. Appellant's Brief at 13. These
*(Footnote Continued Next Page)*

- 7 -

contends that she did not knowingly, intelligently, and voluntarily enter into the plea agreement and the trial court committed an abuse of discretion by denying her motion to withdraw her guilty plea. *Id.* at 14. We disagree.

Upon review, it is apparent that Appellant entered a knowing, voluntary, and intelligent guilty plea. A review of the certified record reveals that Appellant initially signed a written guilty plea statement, wherein Appellant indicated that it was her decision to plead guilty because she wanted to "tak[e] responsibility [for] what happened to [her] kid/start fresh." Guilty Plea Statement, 6/9/22, at 4. In addition, by virtue of signing the guilty plea statement, Appellant averred that she understood the collateral consequences of her plea, including the fact that she was foregoing certain rights, such as the right to go to trial, the presumption of innocence, the ability to file certain pre-trial and post-trial motions, and that she limited her "ground[s] for appeal after sentencing." *Id.* at 4; *see also id.* at 1-6. Thereafter, the trial court conducted a thorough and detailed on-the-record oral colloquy of Appellant. The relevant exchange is as follows:

> The court: [Appellant,] I have in my hand a memorandum of plea agreement, a written plea and agreement to comply with the conditions governing probation and parole. Do . . . you recognize these documents?

---

questions reference the general effect a guilty plea may have on probation and parole, a non-citizen of the United States, the ability to collect a government pension, and the subsequent ability to purchase a firearm. *See* Guilty Plea Statement, 6/9/22, at 5. Appellant does not, however, explain how any of these alleged "consequences" have any bearing on the instant matter. *See* Appellant's Brief at 13-14.

[Appellant]: Yes.

The court: Did . . . you review these documents?

[Appellant]: Yes.

The court: Did . . . you have the opportunity to ask your attorney[] questions regarding these documents?

[Appellant]: Yes.

The court: After reviewing these documents, did you sign and initial them in the appropriate places?

[Appellant]: Yes.

The court: Can . . . you read, write, and understand the English language?

[Appellant]: Yes.

The court: Have . . . you ingested any drugs, prescription or otherwise, that might impair your ability to understand what you're doing here today?

[Appellant]: No.

The court: Are you [] satisfied with your attorney['s] representation?

[Appellant]: Yes.

The court: Has anybody forced you, threatened you, or coerced you in any manner to plead *nolo contendere* or not guilty?

[Appellant]: No.

The court: Do you understand that by pleading guilty and *nolo contendere*, you waive the right to a jury trial, you waive the right to cross-examine any witnesses the Commonwealth may call against you and you waive the right to testify on your behalf?

[Appellant]: Yes.

The court: [Appellant] . . . you're pleading guilty to three counts of [EWOC].  Count [one] is a felony of the second degree.  That carries a maximum punishment of [seven] years in prison with a $25,000[.00] fine.  Counts [two] and [three] are

misdemeanors of the first degree and carry maximum penalties of [five] years in prison with a $5,000[.00] fine.

In total, the amount is – if run consecutively will be 17 years and a $35,000[.00] fine. I'm not saying that would happen. That's simply the maximum penalty. Do you understand that?

[Appellant]: Yes.

\*\*\*

The court: Okay. [Appellant], do you admit that on June 22, 2024, being parent of a child under the age of 18, specifically [a three-year-old child], you did knowingly endanger [his] welfare . . . by violating a duty of care by allowing him to come in contact with a Schedule II controlled substances; specifically, fentanyl, and a Schedule II controlled substance; namely, methamphetamine, which did require emergency medical treatment?

[Appellant]: Yes, Your Honor.

\*\*\*

The court: And on [count one, EWOC, Appellant] how do you plead?

[Appellant]: Guilty.

The court: Do you also admit that on that same day, against, being a parent to [children ages six and seven,] . . . you did knowingly endanger them by allowing those individuals to come in contact with a Schedule II controlled substance; specifically, fentanyl and methamphetamine?

[Appellant]: Yes, Your Honor.

The court: And on counts [two] and [three, EWOC] . . . how [do] you [] plead?

[Appellant]: Guilty.

The court: I find that guilty plea has been made knowingly, voluntarily and intelligent.

N.T. Guilty Plea/Sentencing Hearing, 3/13/25, at 3-7. Appellant is bound by

the statements she made during the oral and written guilty plea colloquies

administered by, and submitted to, the court. **See Yeomans**, **supra**, at 1047. Hence, the foregoing confirms that the written and oral colloquies herein addressed all six subjects set forth in Pa.R.Crim.P. 590 and that, during the execution of Appellant's written and oral colloquies, Appellant confirmed that her decision to enter a guilty plea was made knowingly, voluntarily, and intelligently. Hence, Appellant's claim to the contrary lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2025